# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**GRACIELA GOMEZ,**

        **Plaintiff,**

**v.**                                                    **Case No. 1:17-cv-1240**

**CATHY GARLINGER;**
**LIBERTY MUTUAL GROUP, INC.**
**d/b/a LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY;**
**AND ADJUSTERS PAMELA BLAKE;**
**BARBARA MERRING; VICKI MATLACK;**
**ZACHERY WEICHMAN; AND**
**PRESENTLY UNKNOWN JOHN DOES,**

        **Defendants.**

## NOTICE OF REMOVAL

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"), improperly sued and served as Liberty Mutual Group, Inc. d/b/a/ Liberty Mutual Fire Insurance Company, files this Notice of Removal of the above-captioned matter to the United States District Court of New Mexico from the Second Judicial District Court, County of Bernalillo, State of New Mexico, as provided by 28 U.S.C. §§ 1441, 1446. Liberty Mutual states as follows:

1.    This cause of action was commenced in the Second Judicial District Court of the State of New Mexico on May 27, 2017 by Plaintiff Graciela Gomez. The Summons and Complaint were served on Liberty Mutual on November 20, 2017. Please see attached Notice of Service of Process, **Exhibit 1** hereto [service on registered agent, Corporation Service Company (CSC)]. *Also see* NMSA (1978) § 59A-5-32(B) ("Service of process on the insurer shall be complete upon receipt, or, in the event of refusal to accept, the date of such refusal."); *Sawyer v.*

1

*USAA Ins. Co.,* 839 F.Supp.2d 1189, 1225 (D.N.M. 2012) (Browning, J.) ("under § 59A-5-32's plain language, service is 'complete upon receipt'"). This Notice of Removal is timely.

2.    This is a civil action, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This cause of action may be removed to this Court pursuant to 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interest or costs, and Plaintiff and Defendants are citizens of different states.

3.    Plaintiff alleges that she is a resident of Bernalillo County, State of New Mexico. Liberty Mutual is a foreign corporation incorporated under the laws of the State of Wisconsin, with its principal place of business located in Boston, Massachusetts. Defendant Adjusters Pamela Blake, Barbara Merring, and Vicki Matlack are citizens of Pennsylvania. Defendant Adjuster Zachary Weichman is a citizen of Colorado. The citizenship of Defendants John Does must be disregarded. 28 U.S.C. § 1441(b)(1). The foregoing Defendants are diverse from Plaintiff. Of the foregoing Defendants, only Liberty Mutual has been served. *See Bellman v. NXP Semiconductors USA, Inc.,* 248 F.Supp.3d 1081, 1110 (D.N.M. 2017) (citing *Kiro v. Moore,* 229 F.R.D. 228, 230-32 (D.N.M. 2005)) (defendants who have not been served need not join in removal).

4.    Defendant Cathy Garlinger is alleged to be a citizen of New Mexico, and it appears that she also has not been served. Even if she had been served, Liberty Mutual does not need her consent to removal because she is improperly joined pursuant to the doctrine of fraudulent joinder, and, therefore, her consent is not needed. 28 U.S.C. § 1446(b)(2)(A); *see also Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) (noting that the application of the consent requirement in cases involving the alleged improper party would be "nonsensical, as

2

removal of those cases is based on the contention that no other proper defendant exists"). Further, "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Lennon v. St. Paul Mercury Ins. Co.,* 136 F.3d 1365, 1369 (10th Cir. 1998). As set forth herein, Garlinger is an improper party to this action; Plaintiff's Complaint does not allege a claim against Garlinger, and Plaintiff has already settled her claims against Garlinger, as further discussed *infra.* Garlinger, therefore, does not destroy diversity jurisdiction.

5.      Plaintiff alleges that, on May 27, 2011, she was involved in an automobile accident caused by Garlinger ("accident"). Plaintiff alleges that she pursued a claim against Garlinger and, on February 16, 2015, she resolved her claim against Garlinger for the policy limits of Garlinger's insurance policy, $25,000. Complaint, ¶ 20. *See also* January 30, 2014 Complaint for Personal Injuries, No. D-101-CV-2014-00292, attached hereto as **Exhibit 2;** March 4, 2015 Order of Dismissal with Prejudice, attached hereto as **Exhibit 3.** Because Plaintiff resolved her claim against Garlinger and dismissed the claim with prejudice prior to bringing this lawsuit, Plaintiff has no claim against Garlinger. In fact, Plaintiff's Complaint does not allege a claim against Garlinger.

6.      Liberty Mutual issued an automobile policy of insurance to Gracie and Patrick Gomez, which was in effect at the time of the accident ("Policy"). Plaintiff alleges that the Policy provides uninsured / underinsured motorist ("UM/UIM") coverage for a stacked total of $75,000. Complaint, ¶ 39. On August 28, 2013, Plaintiff's attorney demanded $75,000 in compensatory UIM damages from Liberty Mutual. On other occasions, Plaintiff's attorney demanded UIM policy limits from Liberty Mutual. In the Court-Annexed Arbitration Certification filed in State

Court, Plaintiff certified that she was seeking relief in excess of $25,000, exclusive of punitive damages, interest, costs, and attorney fees. *See* **Exhibit 4** hereto, Certification.  In her Complaint, Plaintiff, in addition to compensatory damages, seeks punitive damages, treble damages, and attorney fees pursuant to NMSA (1978) § 39-2-1, the Unfair Practices Act, and the Unfair Trade Practices Act. Treble damages, using $75,000 as a baseline, could be $225,000. Under New Mexico law, to the extent that Plaintiff could prove her allegation that insurance benefits were unreasonably denied, Plaintiff would be entitled to the recovery of her attorney's fees.  NMSA § 39-2-1.  Based on the nature of the action, a reasonable estimate of the attorney's fees sought by Plaintiff is no less than $50,000. *See* Parden Declaration, **Exhibit 5** hereto. "The Supreme Court has long held that when a statute permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship."  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)).

       7.     The amount in controversy is not proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Company*, 529 F.3d 947, 956 (10th Cir. 2008).  A defendant invoking the jurisdiction of the federal courts under the removal statute need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014).  ).  Here, Plaintiff seeks $75,000 in compensatory damages, $225,000 in treble damages or punitive damages, plus a reasonable estimate of the attorney's fees sought by Plaintiff ($50,000) exceeds the $75,000 jurisdictional threshold in 28 U.S.C. § 1332(a).  Based upon the foregoing, the amount in controversy contained in 28 U.S.C. § 1332 is met. *See McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir.

2008) (defendant's burden in establishing jurisdictional facts is met if defendant proves "jurisdictional facts that make it possible that $75,000 is in play.")

        8.     Plaintiff's Complaint does not make *any* claim for recovery of damages from Garlinger, and Plaintiff has admittedly settled her claims against Garlinger. Complaint, ¶ 20. It would appear that Plaintiff joined Garlinger in her Complaint solely in an attempt to defeat diversity jurisdiction. Therefore, Garlinger's joinder is fraudulent and should not destroy diversity. "Upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its surface, is a sham or fraudulent device to prevent removal." *Id.* The citizens that could destroy diversity must be real and substantial parties to the controversy. *Lennon v. St. Paul Mercury Ins. Co.,* 136 F.3d at 1369. "Whether the joinder is fraudulent or not is said to depend on whether the plaintiff really intended to obtain a judgment against both defendants." *Smoot v. Chicago, Rock Island & Pacific R.R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967). Where a plaintiff does not seek to hold the defendant individually liable for his own actions, the joinder is fraudulent. *Montano, et al. v. Allstate Indemnity,* 211 F.3d 1278, 2000 WL 525592, *1 (10th Cir. 2000) (unpublished). The joinder of a resident defendant against whom no cause of action is stated is a patent sham. *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82, 85 (10th Cir. 1964). As stated above, in this case, the Complaint establishes that no recovery is sought against Garbinger and, in fact, no further recovery can be received from her as Plaintiff dismissed her with prejudice in a prior lawsuit. *See also Dutcher v. Matheson,* 733 F.3d 980, 988 (10th Cir. 2013) (inability to establish a cause of action against a non-diverse party establishes fraudulent joinder). Therefore, her joinder is in bad faith and is a sham, and it should not defeat diversity.

9.      Liberty Mutual attaches to this notice, as **Exhibit 6,** a copy of all process and pleadings served upon it in this cause of action.

10.     The Civil Cover Sheet is attached hereto as **Exhibit 7**.

11.     Liberty Mutual will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

12.     A copy of this notice will be filed with the Clerk of the Second Judicial District Court as required by 28 U.S.C. § 1446(d).

WHEREFORE, Liberty Mutual respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

**RAY, McCHRISTIAN & JEANS, PC**


By:    /s/ Shannon A. Parden
         Shannon A. Parden, Esq.
         6000 Uptown Blvd. NE Ste. 307
         Albuquerque, NM 87110
         Tel:  (505) 212-8018
         Fax:  (505) 212-0140
         sparden@rmjfirm.com
         *Attorneys for Liberty Mutual Fire Ins. Co.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing pleading was served through the CM/ECF filing system and electronic mail this 18th day of December, 2017, to all counsel of record.


  /s/ Shannon A. Parden
Shannon A. Parden

6