FILED IN MY OFFICE
DISTRICT COURT CLERK
1/30/2014 5:26:10 PM
STEPHEN T. PACHECO
jam

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

GRACIELA GOMEZ )
)
        Plaintiffs, )
v. ) No: D-101-CV-2014-00292
)
CATHY GARLINGER and )
PEAK PROPERTY AND )
CASUALTY INSURANCE )
CORPORATION )
)
        Defendants. )
)

## COMPLAINT FOR PERSONAL INJURIES

**NOW COMES** Plaintiff Graciela Gomez, by and through her attorneys, Bleus & Associates, LLC, and for her cause of action states:

1. That Plaintiff Graciela Gomez was at all times relevant and material hereto, a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico.

2. That upon information and belief, Defendant Cathy Garlinger was at all times relevant and material hereto, a resident of the City of Edgewood, County of Santa Fe, State of New Mexico.

3. That upon information and belief, Defendant Peak Property and Casualty Insurance Corporation (hereinafter referred to as "Peak Property"), is a foreign corporation doing business in the State of New Mexico by issuing automobile liability insurance policies to New Mexico residents. Cathy Garlinger procured an insurance policy from Peak Property, and or their agents, servants and/or employees. By force of legislative enactment, the Financial Responsibility Act inures to the benefit of the public and no language within said Act precludes joinder of Defendant, Peak Property, to this



suit. Therefore, Peak Property is a necessary and proper party to this action and this Court has in personam jurisdiction over Peak Property and the subject matter of this litigation.

4. That the acts complained of herein occurred within the County of Bernalillo, State of New Mexico.

5. That Jurisdiction and Venue in this Court is proper the District Court in the County of Santa Fe, pursuant to NMSA 1978 Section 38-3-1.

## STATEMENT OF FACTS

6. That on or about May 27, 2011, at approximately 7:30 a.m., Plaintiff, Graciela Gomez was the operator of a motor vehicle traveling along a public access road, between Central and Dr. Martin Luther King Dr., while in Bernalillo County, New Mexico.

7. That on or about the same date and time, Defendant Cathy Garlinger was the operator of motor vehicle that was also traveling along public access road, between Central and Dr. Martin Luther King Dr., while in Bernalillo County, New Mexico.

8. That on or about May 27, 2011, Defendant Cathy Garlinger did negligently, carelessly, recklessly and or in violation of the laws and regulations of the State of New Mexico maintained, controlled and/or operated said motor vehicle so as to cause her motor vehicle to collide into the rear of Plaintiff's motor vehicle.

9. That Defendant Cathy Garlinger did negligently operate her motor vehicle, while traveling too fast for the conditions; did fail to keep a proper lookout for traffic; and/or did follow too closely and subsequently crashed her vehicle into the rear of Plaintiff Graciela Gomez' motor vehicle, causing an accident and injury to the Plaintiff.

10. That on said date and time, Defendant Cathy Garlinger did negligently operate her motor vehicle in an unsafe manner and/or failed to exercise due care while operating a motor vehicle and subsequently crashed her vehicle into the rear of Plaintiff Graciela Gomez' motor vehicle, causing an accident and injury to the Plaintiff.

11. That as a result of the impact, Plaintiff Gomez suffered disabling injuries to her body, with a subsequent loss of function as a direct and proximate result of the collision.

12. That as a result of Defendant Cathy Garlinger's negligence, Plaintiff Gomez did incur medical damages as a direct and proximate result of her injuries.

13. That as a result of Defendant Cathy Garlinger's negligence, Plaintiff Gomez did incur property damage and out of pocket expenses as a direct and proximate result of the impact.

14. Defendant Cathy Garlinger owed Plaintiff Gomez a duty to exercise reasonable care in the operation of her vehicle.

15. Defendant Cathy Garlinger negligently breached that duty by failing to operate her vehicle in a safe, reasonable and prudent manner.

## COUNT I

## NEGLIGENCE AND NEGLIGENCE PER SE
## DEFENDANT CATHY GARLINGER

16. Plaintiff incorporates herein all allegations contained in paragraphs 1 through 15 as if set forth in full herein.

17. That on or about May 27, 2011, Defendant Cathy Garlinger, by and through her acts and/or omissions, was negligent in the operation of a motor vehicle at

the time and place in question and was the proximate cause of the occurrence, which is the subject of this cause of action.

18. That at the time of the aforementioned collision, there were in force and effect certain New Mexico Statutes that were violated by Defendant Cathy Garlinger, including but not limited to the following:

a. N.M.S.A. §66-7-3 Required obedience to traffic laws;

b. N.M.S.A. §66-7-201 Accidents involving death or personal injuries;

c. §. 8-2-9-2 Accidents involving damage to vehicle;

d. N.M.S.A. §66-7-104 Obedience to traffic control devices;

e. §. 8-2-1-13 (a) Obedience to traffic control devices;

f. §. 8-2-3-1 When Dangerous to Proceed Forward;

g. N.M.S.A. §66-8-114 Careless driving;

h. §. 8-2-1-13 (1) Careless driving;

i. N.M.S.A. §66-8-113 Reckless driving;

j. §. 8-2-1-12 Reckless driving;

k. §. 8-2-4-5 Controlled speed;

l. §. 8-2-4-3 (a) Posted speed zones;

m. §. 8-2-1-23 Failure to Keep a Proper Look Out;

n. Failing to make timely application of brakes;

o. Failing to keep vehicle under control;

p. N.M.S.A. §66-7-301 Speed regulation;

q. N.M.S.A. §66-7-332.1 Failure to yield the right of way;

r. N.M.S.A. §66-7-201 Drivers to exercise due care; and

      s.      Following too closely.

19. That Plaintiff Graciela Gomez, traveling in a vehicle in the State of New Mexico was in the class of individuals contemplated by the Legislature as the intended class to be protected by the New Mexico Motor vehicle laws.

20. As a direct and proximate result of the negligence, negligence per se and/or acts or omissions of Defendant Cathy Garlinger, Plaintiff has suffered physical injuries and required medical treatment for those injuries and may continue to require medical treatment for those injuries in the future.

21. As a further direct and proximate result of the negligence, negligence per se and/or acts or omissions of Defendant Cathy Garlinger, Plaintiff has suffered and will continue to suffer, a loss of household services, recreational activities and a loss of enjoyment of life.

22. As a further direct and proximate result of the negligence, negligence per se and/or acts or omissions of Defendant Cathy Garlinger, Plaintiff has suffered and will continue to suffer pain and suffering and loss of society.

23. As a further direct and proximate result of the negligence, negligence per se and/or acts or omissions of Defendant Cathy Garlinger, Plaintiff has suffered property damage and out of pocket expenses.

24. All of the injuries to Plaintiff relating to the aforementioned collision are due to the negligence and carelessness of Defendant Cathy Garlinger, without any contributing negligence on the part of Plaintiff.

25. All of the property damages and out of pocket expenses Plaintiff was caused to incur are due to the aforementioned collision and to the negligence and

carelessness of Defendant Cathy Garlinger, without any contributing negligence on the part of Plaintiff.

## CONCLUSION

**WHEREFORE**, Plaintiff Graciela Gomez prays for judgment against the Defendant Cathy Garlinger and Defendant Peak Property in an amount to be proven at trial for all of her damages as follows:

- a. For medical expenses incurred as a result of the negligence of the Defendant;
- b. For future medical expenses to be proven at the time of trial;
- c. For past and present pain and suffering damages;
- d. For future pain and suffering damages;
- e. For damages for loss of quality of life;
- f. For punitive damages;
- g. For loss of society;
- h. Out of pocket expenses and costs;
- i. Property damage;
- j. For lost wages (if applicable);
- k. For loss of earning capacity (if applicable);
- l. For costs and attorney's fees incurred in bringing this action, as allowed by law;
- m. For pre and post judgment interest;
- n. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BLEUS & ASSOCIATES, LLC**

_____
George Anthony Bleus, Esq.
Robert Koeblitz, Esq.
Attorneys for Plaintiff
2633 Dakota NE
Albuquerque, NM 87110
(505) 884-9300 Office
(505) 884-9305 Fax
*Attorneys for the Plaintiff*